UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
      Plaintiffs

vs.

UNITED ELECTRIC COMPANY, INC.
      Defendant

and

HUDSON SAVINGS BANK,
      Trustee

C.A. No.

04-12213 WGY

MAGISTRATE JUDGE _____

## COMPLAINT FOR DELINQUENT CONTRIBUTIONS AND TO COMPEL AN AUDIT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185

by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers Health and Welfare Fund, Local 103, I.B.E.W. Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

4.  Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. The Electrical Workers' Pension Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

5.  Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. The Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

6. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. The Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

7. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. The Electrical Workers' Joint Apprenticeship Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

8. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Educational and Cultural Fund, Local 103, I.B.E.W. The Electrical Workers' Educational and Cultural Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

9. Plaintiff Anthony J. Salamone is the Administrator of the National Electrical Benefit Fund. The National Electrical Benefit Plan is an "employee pension benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

10. The Health and Welfare, Pension, Supplementary Health and Welfare, Deferred Income, Joint Apprenticeship and Training Fund, and National Electrical Benefit Fund are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

11.     Plaintiff Local 103, International Brotherhood of Electrical Workers ("Local 103" or the "Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185. Local 103 is administered at 256 Freeport Street, Dorchester, Massachusetts.

12.     Defendant United Electric Company, Inc. (hereinafter "United" or "the Employer") is a Massachusetts corporation with a principal place of business at 87 Golden Run Road, Bolton, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

13.     Hudson Savings Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

14.     On or about November 9, 1999, defendant United signed a letter of assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. A copy of United's signed agreement ("Letter of Assent") is attached hereto as Exhibit A.

15.     Because of the Letter of Assent, United has been a party to successive collective bargaining agreements, including the agreement which is effective from September 1, 2003 through August 31, 2006 ("the Agreement"). A copy of the relevant portions of the 2003-2006 Agreement is attached hereto as Exhibit B.

16.     The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly remittance reports, on which employers calculate the payments they owe.

17.     Section 4.9 of the Agreement requires employers that become delinquent in their trust fund contributions to furnish employment records and a current list of projects, including the names and addresses of the owner, manager, general contractor and or subcontractor for whom it has worked. Section 6.38(g) of the Agreement further provides that upon request, the parties thereto shall be allowed to examine the employer's payroll records.

18.     Section 4.6 of the Agreement provides that the employer will deduct working dues form the pay of union members upon receipt of authorization from such members and remit those dues to the Union.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20.     United has failed to submit remittance reports or pay monthly contributions to the Funds since April, 2004.

21.     Because no remittance reports have been submitted, United owes an as yet unliquidated amount of contributions for work conducted from April, 2004 through the present. Further, United owes the Funds interest in the amount of $674.83 for late-paid contributions for the period of April, 2000 through February, 2004. A true and accurate copy of the Funds' interest calculation, sent to United on July 28, 2004, is attached hereto as Exhibit C.

22.     By certified letters dated July 6, July 30, August 30, and September 28, 2004, the Funds' attorney notified United of its delinquency for the above-mentioned period and demanded payment. True and accurate copies of the July 6, July 30, August 30, and September 28, 2004 letters to United are attached hereto as Exhibit D.

23. United failed and refused to respond to the Exhibit D letters.

24. Thus, to date, United has failed and refused to pay the Funds the as yet unliquidated amount in fringe benefit contributions owed for the period April, 2004 through the present, along with $674.83 owed in interest for the period April, 2000 through February, 2004.

25. The failure of United to make contributions on behalf of all covered employees and to submit to a payroll audit as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145 and Section 301 of the LMRA, 29 U.S.C. §185.

26. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, will refuse to submit remittance reports and pay contributions now due and owing, and will refuse to submit to a payroll audit, and the Funds and their participants will be irreparably damaged.

27. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT II - VIOLATION OF LMRA
### DELINQUENT CONTRIBUTIONS

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above.

29. The failure of United to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of LMRA, 29 U.S.C. §185.

### COUNT III - VIOLATION OF LMRA
### DELINQUENT DUES

30. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-29 above.

31. On information and belief, United deducted dues from its employees' paychecks for the unreported hours and failed to remit those dues to the Union.

32. United owes the Union an as yet unliquidated amount in dues for the period April, 2004 through the present.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of United held by Hudson Savings Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant United;

c. Order United to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete list of all job locations for the period April, 2004 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

d. Enter a preliminary and permanent injunction enjoining United from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

e. Enter a preliminary and permanent injunction enjoining United from refusing or failing to remit dues;

f. Enter judgment in favor of the Plaintiff Funds in an as yet unliquidated amount, and any additional amounts determined by the Court to be owed by United or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

g. Enter judgment in favor of the Plaintiff Union in an as yet unliquidated amount, and any additional amount determined by the Court to be owed by United or which may come due during the pendency of this action, and;

h. Such further and other relief as this Court deem appropriate.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated: October 20, 2004
ARS/gag&ts
3013 00-345/complt.doc

8