## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs<br><br>vs.<br><br>UNITED ELECTRIC COMPANY, INC., Defendant<br><br>and<br><br>HUDSON SAVINGS BANK, Trustee | C.A. No. 04-12213 WGY |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Preliminary Injunction, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary

Injunction enjoining defendant United Electric Company, Inc. from refusing to permit an audit of its books and records.

As grounds therefore, plaintiffs state as follows:

1) Based on the foregoing Complaint, Exhibits and Affidavits, plaintiffs have exhibited a likelihood of success on the merits.

2) Unless enjoined by this Court, the defendant will continue to ignore its obligations under the terms of the Employee Retirement Security Act of 1974, as amended ("ERISA"), and of the Restated Agreement and Declaration of Trust of the Health and Welfare Fund, to which it is bound, to permit auditors to audit its books in order to verify whether it made all required contributions to the appropriate funds.

3) There is no adequate remedy at law.

4) The defendant's refusal to permit an audit will result in irreparable injury, loss, and damage to the plaintiffs.

5) The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest.

WHEREFORE, plaintiffs move this Court to grant a preliminary injunction compelling the defendant and its agents to permit an audit of its books and records for the period April, 2004 to the present to determine the amount, if any, defendant owes plaintiff Funds. Plaintiffs further request that they be excused from posting a bond.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576

2

>Gregory A. Geiman, Esquire
>BBO #655207
>Segal, Roitman & Coleman
>11 Beacon Street
>Suite #500
>Boston, MA  02108
>(617) 742-0208

Dated:  March 10, 2005

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Preliminary Injunction in this matter he spoke with Defendant's agent Valerie Keenan and the parties attempted in good faith to resolve or narrow the issue.

>/s/ Gregory A. Geiman
>Gregory A. Geiman, Esquire

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Preliminary Injunction has been served by first class mail upon defendant United Electric Company, Inc. at 87 Golden Run Road, Bolton, Massachusetts 01740 this 10th day of March, 2005.

>/s/ Gregory A. Geiman
>Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 00-345/motpreinj.doc