UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs<br><br>vs.<br><br>UNITED ELECTRIC COMPANY, INC., Defendant<br><br>and<br><br>HUDSON SAVINGS BANK, Trustee | C.A. No.  04-12213 WGY |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement.  Plaintiffs (hereinafter "the Funds") are employee benefit plans.  Defendant United Electric Company, Inc. (hereinafter "United") is a Massachusetts corporation that has defaulted.  This action has been brought pursuant to

§502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about September 21, 2005, entered a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $8,813.28, representing contributions and dues owed to the Funds, together with interest, liquidated damages, and reasonable attorneys' fees and costs.

**FACTS**

United is bound by the terms of the Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. The Letter of Assent is attached to the Complaint as Exhibit A. United is also bound by the successive collective bargaining agreements to which it is signatory, including the Agreement which was effective from September 1, 2000 through August 31, 2003 (hereinafter "Agreement"), the relevant pages of which are attached to the Complaint as Exhibit B.

The Agreement requires employers to make fringe benefit contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly remittance reports, on which employers calculate the payments they owe. See Affidavit of Russell Sheehan ("Sheehan Aff."), par. 2.

Defendant United performed work under the terms of the Agreement, but failed to pay all contributions and dues owed thereunder. United owes the Funds $936.86 in unpaid contributions for the month of May, 2004, and $2,416.39 for underpaid contributions and dues for the period of July, 2001 through April, 2004. Sheehan Aff., par. 3.

### **ARGUMENT**

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via remittance reports that United owes the Funds $936.86 in unpaid contributions for the month of May, 2004, and $2,416.39 for underpaid contributions and dues for the period of July, 2001 through April, 2004 for a total of $3,353.25. Sheehan Aff., par. 3. Further, prejudgment interest on the contributions owed is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, United owes $938.31 in interest on the unpaid contributions. Sheehan Aff., par. 4.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the contributions owed (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the contributions owed, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, the Agreement provides for liquidated damages equal to the amount of the outstanding delinquent contributions owed as of December 1, 2004 multiplied by the percentage used to allocate net investment income to individual accounts under the Electrical Workers Deferred Income Fund

3

for the year ending on November 30.  (Sheehan Aff., par. 9).  The current percentage is 7.181 percent.  Id.  Thus, United owes liquidated damages in the amount of $240.80.  Sheehan Aff., par. 5.

Finally, attorneys' fees and costs are also mandated by ERISA.  29 U.S.C. §1132(g)(2)(D).  Attorneys' fees and costs of this action are $4,280.92.  See Affidavit of Anne R. Sills.  These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person.  Defendant is also not in the military service.  See Affidavit of Russell Sheehan as to Military Service, Infancy and Incompetence.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enters against Defendant United Electric Company, Inc. in the amount of $8,813.28, representing unpaid contributions and dues, underpayments, interest on the contributions owed, liquidated damages, and reasonable attorneys' fees and costs.

    Respectfully submitted,

    RUSSELL F. SHEEHAN, as he is
    ADMINISTRATOR, ELECTRICAL
    WORKERS' HEALTH AND WELFARE
    FUND, LOCAL 103, et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576
    Gregory A. Geiman, Esquire
    BBO #655207
    Segal, Roitman & Coleman
    11 Beacon Street
    Suite #500
    Boston, MA  02108

(617) 742-0208

Dated:  November 7, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Plaintiffs' Memorandum in Support of Motion for Entry of Default Judgment has been served by certified and first class mail upon the defendant United Electric Company, Inc. at 87 Golden Run Road, Bolton, MA  01740 this 7th day of November, 2005.

                                                  /s/ Gregory A. Geiman
                                                Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 00-345/memo-supmotdj.doc